**Aregnaz AZATYAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–77307.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 9, 2007 *.

Filed Dec. 14, 2007.

Anna A. Davitian, Esq., Law Offices of Anna A. Davitian, Burbank, CA, for Petitioner.

District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James A. Hunolt, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WARDLAW, BEA, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Aregnaz Azatyan, a native and citizen of Armenia, petitions for review of an order of the Board of Immigration Appeals adopting and affirming an Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, we deny the petition for review. *See Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002).

Substantial evidence supports the IJ's

---

1. What happened was that the immigration judge noted that the NOA would be marked as Exhibit 1; the I–213 would be marked as Exhibit 2; and the Notice of Hearing would be marked as Exhibit 3. He then made the routine inquiry "Does the government have any other evidence it wants to (indiscernible)?" The response was "We do not, your Honor."

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

denial of relief.[1] The IJ's adverse credibility finding was based on the numerous and significant discrepancies among Azatyan's entry interview, credible fear interview, asylum application, and hearing testimony. *See Chebchoub v. INS,* 257 F.3d 1038, 1042–45 (9th Cir.2001). Moreover, the IJ's demeanor finding is supported by substantial evidence, as it was based on the fact that Azatyan was able to answer expected questions in a straightforward manner, but began to mutter and speak at an inaudible level when asked to recount an accurate sequence of events. *See Paredes–Urrestarazu v. INS,* 36 F.3d 801, 818 (9th Cir. 1994). Finally, the relevant State Department Country Report undermined Azatyan's claim of persecution on account of religion. *See Zheng v. Ashcroft,* 397 F.3d 1139, 1143–44 (9th Cir.2005).

Because Azatyan cannot meet the lower standard of eligibility for asylum, she has failed to show that she is entitled to withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

We decline to address Azatyan's CAT claim as she failed to raise it in her opening brief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

---

1. "Where, as here, the BIA adopts the decision of the IJ and affirms without opinion, we review the decision of the IJ as the final agency determination under the substantial evidence standard set forth above." *Smolniakova v. Gonzales,* 422 F.3d 1037, 1044 (9th Cir.2005).

